On Rehearing.
(Feb. 15, 1904.)
NICHOULS, O. J.
A rehearing was granted to the defendant upon the question as to whether the court had erred or not in permitting the testimony of Philip Holstein, taken at the preliminary trial, to be read to the jury, and whether, if there was error, under the circumstances of the case, it was reversible error.
W. M. Graydon and the defendant, Wheat, were indicted jointly by the grand jury of Catahoula parish for the murder in that parish of M. M. Fowlkes.
A change of venue to the parish of Franklin was granted on application of the state. A severance having been granted, Graydon was tried and acquitted. Wheat was tried twice, the first trial resulting in a mistrial. Upon the second he was convicted of manslaughter, and recommended to the mercy of the court, and he appealed.
This court, in the opinion heretofore rendered, affirmed the judgment appealed from, but on defendant’s application for a rehearing a rehearing was granted to the extent above stated.
The term of the district court for Franklin parish commenced on Monday, the 3d of November, 1902. On Wednesday, the 5th of November, an attachment was issued for Philip Holstein, who had been summoned as a witness on the part of the state.
On the same day the district attorney filed an application for a continuance of the ease against Wheat, charged with murder. He alleged the crime had been committed in Catahoula parish, and had been transferred for trial to Franklin parish; that Philip Holstein, a resident of Catahoula parish, was an important and material witness on the part of the state, and that he expected to prove by him all that he had said when he was on the stand as a witness at the preliminary trial of the ease. He attached and made that testimony part of his motion for the continuance. He averred that, in addition to the statement made at the preceding trial, the witness would swear that he went to the accused, and assisted him to his home a short distance from the scene of the homicide; that he helped undress him, and remembered distinctly taking a vest off of him. He averred that the witness had been duly subpoenaed through personal service; that he was absent without his knowledge or consent; that at the first call of the case at the then term the witness failed to appear, and an attachment was asked for and obtained, and had been placed in the hands of the sheriff for service, and was then in that officer’s hands; that he knew of no witness by whom he could prove all the above facts, and that said testimony would be material, competent, and important testimony on the trial of the case; that he expected to have the attendance of the witness at the next regular term of court; that the affidavit was not made for delay, but to obtain substantial justice. He accordingly prayed for a continuance.
In the minutes of the 6th of November the following recital appears:
“The accused, J. H. Wheat, in court. There was an affidavit for continuance filed by district attorney, who, after said affidavit had been filed, consented to take up the ease for trial, which was done.”
It appears that the case was immediately proceeded with, a jury being impaneled and sworn, and evidence heard.
Upon the trial the district attorney offered in evidence the testimony of Philip Holstein, taken at the preliminary trial, which was referred to by him in his application for a continuance. Defendant objected, but his objections were overruled, and the testimony *879 admitted. A bill of exceptions was taken. In this bill of exceptions it is stated: That defendant objected to the introduction of the evidence on the ground that the state had made application and affidavit for a continuance in this case on the ground of the absence of this witness and others mentioned in said application, in which it alleged that he expected to procure the attendance of said witness at the next term of court. That no objection was made, and none could be made, on the part of the defendant, to a continuance. That said application was taken up and submitted to the court before an order was rendered thereon. The state abandoned the application, and announced that it did not desire a continuance on the grounds stated in said application, and announced itself ready for trial, and which application for a continuance was not acted upon by the court. That by abandoning its right to procure the attendance of said witness it thereby waived any right that it might have to offer any testimony previously taken; and that the state had no- legal right to introduce the deposition of a witness until it was shown that it had exhausted all reasonable legal remedies to procure the personal attendance of said witness. Second. That the said paper claiming to be the deposition of said Philip Holstein did not purport on its face to have been taken in a preliminary examination, that there was no certificate of authenticity upon it, and it was only an ex parte affidavit of the said Philip Holstein. Third. That the evidence upon which the state claimed the right to introduce said paper was insufficient to authorize its introduction. That said objections being overruled by the court, and said paper permitted -to be read to the jury, defendant reserved his bill of exception, and attached thereto the document purporting to be the testimony of said Philip Holstein, the affidavit for a continuance, the minutes of the court, and the testimony offered on the trial of this objection. This bill signed in open court on the 13th day of November, 1902.
On signing the hill the district judge said: “The testimony of Philip Holstein admitted in evidence was taken in the presence of defendants Graydon and Wheat and their counsel on preliminary examination. It was signed by the witness and the deputy clerk who took it down in the presence of the court, the accused, and his counsel, and is the evidence thus taken. The witness was a resident of Catahoula parish. I had a certificate from his attending physician that he was unable, by reason of sickness, to attend this term of court. There was no question of the honor and reputation of the attending physician. The state, after filing the affidavit for a continuance, ‘had the legal right to withdraw it, and proceed to trial on the hypothesis of using the testimony of the absent witness. An attachment had been issued for this witness, but it was within the knowledge of the court that it could not be returned in time for trial at this term, there being only one week’s jury.”
The testimony taken on the trial of the objections was as follows:
“Hon. D. N. Thompson, sworn, says: ‘On last Sunday I received a certificate, which I recognized to be the witting of Dr. J. H. Holstein, who resides in Jonesville, which certificate stated Capt. Phil. Holstein was sick, and unable to attend this session of the court: I left home on Monday morning, and thought' I had the certificate with me, but, after reaching Winnshoro, on examination I found I did not have it. The certificate was either left at home, or lost, or mislaid. I reside at Harrisonburg, Catahoula parish. Jonesville is in Catahoula parish.’
“Cross-examined:
“ T think I have seen Dr. J. H. Holstein write and sign his name, and I think I know his signature. I received the certificate on last Sunday, the 2d instant. I do not remember the date of the certificate.’
“District Attorney offers the subpoena to Phil Holstein, and the return thereon, and the filing thereof; offers the minutes of the court of Wednesday, showing order for attachment for this witness; offers the minutes of the September term of this court, showing that all witnesses in this ease were discharged till the first Monday in November, 1902. Defendant offers in evidence the affidavit for a continuance filed, by the district attorney, and filed on the sixth instant.”
Defendant moved for a new trial, and among other grounds assigned as grounds he declared that the court erred in admitting the *881 testimony of Philip Holstein taken before the preliminary trial; that, as the evidence showed, the witness was not absent from the state, but present at his home in Catahoula parish. The motion for a new trial was overruled.
After the case reached the Supreme Court, defendant’s counsel filed an affidavit made by Holstein that he was not sick at the time of the trial, but the statement to that effect was withdrawn by him in a subsequent affidavit, in which he declared that in his first affidavit he was under a mistake as to the time of the trial.
The homicide which gave rise to this action was committed in the parish of Catahoula. The case was tried, however, in the parish of Franklin. Holstein, the witness whose testimony taken on the preliminary investigation was, in consequence of his absence from the court in Franklin parish at the time of the trial, read to the jury, was a resident of the parish of Catahoula. He had been subpoenaed as a witness through personal service, and, failing to appear, an attachment had been issued to secure his presence, and placed in the hands of the sheriff, but on the day of the trial it had not yet been served. The district attorney made the failure of the witness to appear at the trial the basis for the application for a continuance which is referred to in the statement of facts. The materiality and importance of his testimony to the state was therein alleged, the statement being also ' made that the state expected to procure the attendance of the witness at the next regular term of com’t. This application was withdrawn by the district attorney, and the case went to trial without objection from the defense.
While the reason for this withdrawal of the application for a continuance is not directly shown, we think we can fairly assume that the district attorney had ascertained in some way that the witness was sick at his home in Oatahoula parish at the time, and believed that under that condition of facts the presence of the witness in court would not be essential, and that his testimony taken at the preliminary examination could be read. The defense claims that it was taken by surprise by the attempt to have the testimony read; that it naturally believed that the discontinuance of the application for a continuance was an abandonment on the part of the prosecution to utilize the testimony of Holstein at all.
The district judge allowed the testimony to 'be read, basing his action upon his conclusion from a certificate which had been forwarded to him by a physician that Holstein was sick at his Home in Oatahoula parish at the time, and therefore his testimony could be read in his abseúce. It was and is now claimed that the judge did not have before him any legal or sufficient data upon which to base the conclusion. Defendant attempted, through the filing in this court of an affidavit of Holstein, to establish as a fact that he was not sick at the date of the trial. This statement of Holstein was withdrawn by a later affidavit, in which he declared that it was made in error as to the date of the trial. For the purposes of this ease we will assume that Holstein was in point of fact sick on the day of the trial, and that, therefore, his attendance at the trial at that time was not feasible. Did that fact, under the peculiar circumstances of the case, warrant the reading to the jury the testimony of the witness taken on the preliminary investigation? We do not think it .did. The fact must not be overlooked that the case was not on trial in the parish where the homicide was committed, and where the witnesses resided, but it was at the instance of the state on trial in another parish under a change of venue. The duty of the prosecution, under such circumstances, to have the witnesses for the state present in court so as to give the defense an opportunity for cross-examination in presence of a jury was much greater than had the case been tried in the place of the commission of the crime, and had the absent witness resided in another parish; and for this same reason the right of the defense to insist upon the attendance of the witnesses at court was also greater. We think that, had the defense anticipated that the discontinuance of the application for a continuance would have been followed later by an attempt to have the deposition of Holstein read to the jury, it would have had the legal right itself to have had the ease continued to the next term, not for the purpose of having Holstein present to be *883 used as its own witness, but to secure bis presence so as to enable the defendant to cross-examine him after direct examination by the state.
We do not say that the state did not have the right to discontinue the application for a continuance, but it could not, simply because Holstein was sick at his home, enable itself at that term of court to read his testimony taken at the preliminary trial, when the district attorney had declared himself that this witness’ presence at the next term of court could be procured. Had the case been on trial in Catahoula parish, had Holstein been subpoenaed as a witness on the trial through personal service, and had he been unable to be present by reason of sickness at his home, we do not think it could be claimed that his testimony given at the preliminary investigation could have been read.
The state would not have been authorized to read it under such circumstances, but would have been compelled to have the case go over, if I-Iolstein’s testimony was necessary or important; especially in view of the fact that the whole testimony could be taken in presence of the jury at the next regular term of court. We think, for the prarpose of testing the rights of the parties on this question, matters must be disposed of as if this case was on trial in Catahoula parish, though in fact, under a change of venue, it was on trial in the parish of Franklin, and as if the witness Holstein, having been summoned to appear as a witness for the state on the trial, was unable to do so by reason of sickness at that term of court, but his attendance could be procured as a witness at the next term.
Viewing matters from that standpoint, we think I-Iolstein’s testimony taken at the preliminary investigation should not have been read to the jury, and that defendant was deprived of the legal right which he would have had to cross-examine the witness in the presence of the jury which tried him.
For the reasons herein assigned, the verdict of the jury and the judgment of the court based thereon are hereby annulled, avoided, and reversed, and this cause is reinstated, and remanded to the district court for further proceedings according to law.